**Opinion filed May 31, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00131-CR

_____

## FRED GONZALES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR13568**

## M E M O R A N D U M   O P I N I O N

The jury convicted Fred Gonzales of the offense of possession of between one and four grams of a controlled substance from penalty group one, found the enhancement allegations to be true, and assessed punishment at confinement for twenty-five years. We dismiss the appeal.

Appellant's sentence was imposed on March 27, 2012. No motion for new trial was filed. Appellant's notice of appeal was filed on May 14, 2012, forty-eight days after the date sentence was imposed. Appellant mailed a motion for extension of time to file notice of appeal to this court on May 14, 2012, which was received and filed in this court on May 18, 2012. This court

notified the parties by letter dated May 18, 2012, that the notice of appeal and the motion for extension appeared to be untimely. We requested that appellant respond and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction.

Appellant's counsel filed a response to our letter in which he explained that appellant did not file a request for the appointment of appellate counsel until thirty-five days after the date of sentencing and that counsel did not receive notice that he had been appointed to represent appellant until eight days after the deadline for filing the notice of appeal. Appellant's counsel acknowledges that the notice of appeal was not filed until May 14 and that the motion for extension was not mailed until May 14, though they were due to be filed no later than May 11. *See* TEX. R. APP. P. 26.2, 26.3. Pursuant to Rule 26.2(a)(1), the notice of appeal must be filed within thirty days after the day sentence is imposed. In this case, the due date was April 26, 2012. For an extension, Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Neither the notice of appeal nor the motion for extension was filed within fifteen days of April 26. They were, therefore, not timely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Though we are sympathetic to the circumstances in this case, we have no jurisdiction to grant a motion for extension that is filed more than fifteen days after the date that the notice of appeal was due. *Olivo*, 918 S.W.2d 519.

Accordingly, appellant's motion for extension of time to file notice of appeal is overruled, and the appeal is dismissed for want of jurisdiction.

PER CURIAM

May 31, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2